### THE FRANK S. HALL.

#### THE BERMUDA.

(District Court, E. D. Pennsylvania. June 25, 1902.)

#### No. 50.

1. COLLISION—STEAMER AND SCHOONER IN FOG—EXCESSIVE SPEED AND FAILURE TO SOUND FOG SIGNALS.

At the time of a collision at sea between a steamship and a schooner in a dense fog the steamship was proceeding at a speed of 10 or 11 knots, her maximum speed being 12 or 13 knots. It also appeared that the schooner was sounding her fog signal only at intervals of two minutes, instead of one minute, as required by the navigation rules, and the presumption of fault arising from such violation of the rules was not met by any evidence to show that such fault could not have contributed to the collision. *Held*, that the steamer was in fault for excessive speed, and the schooner in failing to obey the rules in respect to fog signals, and the damages must be divided.

In Admiralty. Suit for collision.

Charles C. Lister and Flanders & Pugh, for libelant.
Francis C. Adler and John F. Lewis, for respondent.

J. B. McPHERSON, District Judge. Shortly after 1 o'clock on the morning of June 11, 1900, the schooner Frank S. Hall and the steamship Bermuda came into collision about 12 miles southeast of Winter Quarter lightship below Cape Henlopen. As the result of the collision, the schooner was so badly injured that she sank within a few minutes, the crew having barely time to escape with a few articles of personal effects. It is, I think, unnecessary to state the facts in much detail, since the parties are substantially in accord, except in one or two particulars. The collision took place in a dense fog, and the principal fault charged against the steamship is

¶ 1. See Collision, vol. 10, Cent. Dig. §§ 167, 175, 296.

that she was proceeding at a dangerous rate of speed. This assertion is only faintly denied by the steamship, but, in any event, I should have no hesitation in finding that the charge is well founded. Her maximum speed is 12 or 13 knots an hour, and it appears clearly from the evidence that at the time of the collision she was being driven at 10 or 11 knots. The excuse given by the captain that this speed was necessary in order that she might have proper steerageway, and thus be well under control, is not sufficiently supported. Indeed, it seems to me to be distinctly disproved. I therefore find that the steamship was in fault because she was proceeding at a dangerous rate of speed.

The remaining question is whether the schooner was also in fault. She is said to have been to blame in several particulars: First, in not keeping a proper lookout; second, in placing her fog horn at an improper point upon the deck; and, third, in sounding the signals at intervals of two minutes, instead of one minute, as is required by the international rule. With regard to the first two particulars, I do not think that the charge of fault should be sustained. Considering the small size of the schooner, and the fact that she was under full sail upon the port tack, I think that the lookout was quite as able to discharge his duties at the point where he was stationed, namely, aft near the wheel, as if he had been at the bow, where his view in one direction would have been a good deal impeded by the sails. The fog horn also, in my opinion, was as well placed on the after-house as on the forecastle head, which is the spot suggested by the respondent as the proper place; but I think the evidence requires me to find that the signals were given at intervals of two minutes, instead of one minute only. There is some contradiction in the libelant's testimony upon this subject, but it seems to me that the weight of the evidence is in favor of the finding just stated. It is, of course, impossible to say what would have been the result if the proper signals had been given, and I am not required—indeed, I am not allowed—to speculate upon the subject. Since it appears that the schooner disobeyed the regulation concerning signals, a presumption of fault at once arises, which it is necessary for her to overcome by showing that the fault could not have contributed to the collision: The Pennsylvania, 19 Wall. 125, 22 L. Ed. 148. This she has not undertaken to show, and therefore the presumption of fault remains.

Both vessels being to blame, the damages must be divided. A decree to that effect may be entered.